CREDIT ADJUSTERS AND COLLECTORS, INC., A BODY CORPORATE, PLAINTIFF-RESPONDENT, v. BERGEN ESSEX CONSTRUCTION CO., A BODY CORPORATE, DEFENDANT-APPELLANT.

Submitted October 3, 1939—Decided March 18, 1940.

Before Justices TRENCHARD, CASE and HEHER.

For the appellant, *Aaron Heller.*

For the respondent, *Hodes & Hodes* (*Irving L. Hodes,* of counsel).

The opinion of the court was delivered by

HEHER, J. The essential question for decision is whether an action will lie in favor of the judgment creditor against the garnishee for accrued installments payable under a wage execution issued pursuant to *R. S.* 2:32-180 *et seq.*

The point is made that, under sections 2:32-182 and 2:32-183, only the "person, agent, treasurer, or other fiduciary officer" of a corporate garnishee "to whom" the wage execution "shall be presented," and not the corporate body itself, is liable to an action for the recovery of the moneys due under the execution—citing *Gordon* v. *Blackton,* 117 *N. J. L.* 40; *affirmed,* 118 *Id.* 159. We find it to be untenable.

A statute often speaks as plainly by inference, and by means of the purpose which underlies it, as in any other manner. That which is clearly implied is as much a part of the law as that which is expressed. *Brandon* v. *Board of Commissioners of the Town of Montclair,* 124 *N. J. L.* 135.

The statute under review creates a lien in favor of the judgment creditor upon the wages due and to become due. Section 2:32-181 provides that, "On presentation of the execution * * * by the officer to whom delivered for collection to the person or persons from whom the wages * * * are due or owing, or thereafter become due and owing, to the judgment debtor, the execution shall become a lien and continuing levy upon such wages, * * * to the amount specified therein, * * * and the levy shall become a continuing levy until the execution and the expenses are fully satisfied and paid, or until modified as provided" therein. Under section 1:1-2 of the Revision, *supra,* the words "person or persons" are to be construed as including bodies corporate.

By the first cited provision of the Revision, it became the obligation of the garnishee to pay to the judgment creditor the moneys thus made the subject of the lien; and it is the settled rule that an action of debt will lie to enforce obligations created by statute for the payment of a sum certain, or a sum that may readily be made certain. *Passaic National Bank and Trust Co.* v. *Eelman,* 116 *N. J. L.* 279.

Section 2:32-183 of the Revision grants to the judgment creditor the like cumulative remedy against the "person, agent, treasurer, or other fiduciary officer" of the corporate garnishee to whom the execution "shall be presented," in the event that he "shall fail or refuse" to comply with its mandate. Evidently, the design of this provision was to guard against evasion of the statutory policy. The agent of the corporate garnishee was also placed under a duty to observe the command of the writ issued pursuant to the statute, and personal liability was the penalty for failure of duty. The case of *Gordon* v. *Blackton, supra,* is not in point. It dealt merely with this particular provision of the statute.

A secondary point is that "the evidence" did not warrant the judgment for plaintiff, since "the record is barren of any

facts to indicate that" the judgment debtor "is actually employed by the defendant corporation, as well as * * * of any proof to indicate that" he "was entitled to receive a wage from the defendant corporation for the period during which the amount of the claim, $126, accrued," and therefore there was no proof that "there was any debt due and owing from the defendant corporation to the judgment debtor."

This point need not be considered. The state of the case settled by the District Court judge certifies that it was "admitted by stipulation of the attorneys for the parties" that the action was brought "for installments *accrued* on an execution issued pursuant to garnishment order in the sum of $3.50 weekly against the salary" of the judgment debtor, "due or to become due weekly from the defendant herein;" that "there was due and unpaid on said execution the sum of $126;" and that defendant moved for a nonsuit "because the defendant company was not a proper party defendant and also because there was no evidence of the authority or agency of Pauline Piani, upon whom service of said execution was made." Thus it is that the point now argued is not available to appellant.

Judgment affirmed, with costs.